# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**HUNG NAM TRAN,**

    Petitioner,

  v.                                              Case No. 12-CV-525

**DEBORAH McCULLOCH,**

    Respondent.

## RULE 4 ORDER

The petitioner, Hung Nam Tran ("Tran"), is currently committed to Sand Ridge Treatment Center pursuant to Chapter 980 of the Wisconsin Statutes as a "sexually violent person." He seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254. Tran has paid the statutory $5 filing fee, as such, this petition is ready to be screened.

In 1992, Tran was convicted of first degree sexual assault of a child under the age of thirteen and was sentenced to twenty years in prison. (Habeas Petition at 1, Docket # 1.) Prior to Tran's release from prison in 2004, the State filed a Chapter 980 petition seeking an order to detain Tran as a sexually violent person. (*Id.*) While the commitment case was pending, Tran filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in *Tran v. Lautenschlager*, Case No. 05-CV-1082, claiming his confinement was in violation of procedural due process rights such as inadequate notice, insufficient investigation, lack of a speedy trial, and the inability to present evidence. (Docket # 1 at 2.) On June 7, 2006, District Court Judge Lynn Adelman dismissed the petition on the ground that the petitioner had not yet exhausted his state court remedies. (*Id.*)

On May 7, 2007, a civil commitment trial was held in Racine County and Tran was subsequently committed under Chapter 980 of the Wisconsin Statutes. (*Id.*) On May 21, 2007, Tran filed a post commitment relief motion challenging the constitutionality of Wisconsin's Sexually Violent Persons Act. The trial court denied this motion. (*Id.*) On August 19, 2008, Tran filed a petition for discharge from custody in which he alleged the state changed his diagnosis and therefore he was entitled to a new trial. (*Id.*) This petition was dismissed. On March 25, 2010 Tran filed a consolidated appeal involving both his original commitment and his post-commitment motion in the Wisconsin Court of Appeals. (*Id.*)

On January 7, 2011, Tran filed a second habeas petition in this court in *Tran v. McCulloch*, 11-CV-16. Although Tran filed the petition pursuant to 28 U.S.C. §2241, because Tran was no longer a pre-trial detainee, District Judge William C. Griesbach construed the petition as if it were brought under 28 U.S.C. §2254. On March 22, 2011, Judge Griesbach dismissed Tran's habeas petition for failure to exhaust state court remedies.

Subsequent to Judge Griesbach's decision, the Wisconsin Court of Appeals affirmed the trial court on March 30, 2011. (Docket # 1 at 2.) Tran filed a petition for review with the Wisconsin Supreme Court and review was denied on September 1, 2011. (*Id.*) The U.S. Supreme Court denied certiorari on January 10, 2012. (*Id.*) Tran claims that he has three other discharge proceedings pending in state court. (*Id.*)

Initially, the Court must consider the petition pursuant to Rule 4 of the Rules Governing §2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order

> the respondent to file an answer, motion, or other response
> within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. During the initial review of habeas petitions, the Court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Upon review of the petition, the Court is satisfied Tran is "in custody" pursuant to the commitment he now challenges. The next determination is whether Tran's petition sets forth cognizable constitutional or federal law claims.

Tran challenges the constitutional legitimacy of his confinement under Chapter 980. He alleges that he does not meet the threshold criteria for civil commitment. He challenges the constitutionality of the statute itself and the commitment process as applied to him by alleging due process violations such as inadequate notice, insufficient investigation, lack of a speedy trial, and the inability to present his own evidence. (Docket # 1 at 6.)

Finally, Tran challenges the constitutionality of the discharge proceedings. Specifically, he alleges that both the statutes governing discharge proceedings generally and the discharge proceeding, as applied to him, were unconstitutional. Moreover, Tran alleges constitutional violations such as the failure to allow him to present evidence at a hearing and a violation of his right against cruel and unusual punishment under the Eight Amendment by confining him in a depraved, isolated, and inhumane environment. (*Id.* at 7.)

The Supreme Court "repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Addington v. Texas*, 441 U.S. 418, 425 (1979) (citations omitted). Additionally, the Court has held that such statutes do not violate substantive due process "when (1) the confinement takes place pursuant to proper

procedures and evidentiary standards, (2) there is a finding of dangerousness either to one's self or to others, and (3) proof of dangerousness is coupled with the proof of some additional factor, such as a mental illness or mental abnormality." *Kansas v. Crane*, 534 U.S. 407, 409-10 (2002) (internal quotations and citations omitted). If the potential committee is not mentally ill or if he does pose some danger to himself or others, the State has no legitimate interest in his involuntary commitment. *Addington*, 441 U.S. at 426.

Construing the claims in the petition liberally, Tran sets forth arguably cognizable constitutional claims.

Even though Tran's claims translate, at least colorably, into constitutional violations, Tran must still exhaust his state remedies before he can petition for a writ of habeas corpus in federal court. *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985). The exhaustion requirement may be met by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issues, or (b) having no further available means for pursuing a review of one's conviction in a state court. *Id.* Tran asserts that he has exhausted his remedies in state court. Since his two previous requests for habeas relief, Tran's appeal has been denied review by the Wisconsin Supreme Court and the United States Supreme Court. However, Tran's petition also claims that he has three discharge proceedings pending in the trial court. While this may indicate Tran has not exhausted his state remedies, the nature of the other discharge proceedings and their relation to the claims included in the current habeas petition is not clear. Since Tran has presented his claims to the highest court in the state, it appears he has exhausted his state remedies and his petition to this Court is ripe.

Thus, because it is not clear from the face of the petition whether Tran exhausted his state remedies, the respondent will be called upon to serve and file an answer, motion, or other response to the petition.

**NOW, THEREFORE, IT IS ORDERED** that a copy of Tran's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY** (60) days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claims:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have forty-five (45) days following the filing of the petitioner's initial brief within which to file a brief in opposition; and

3. The petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

4. The petitioner shall have forty-five (45) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

5. The respondent shall have thirty (30) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5(a), to send copies of all filing with the court to the respondent or respondent's counsel. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the respondent or respondent's counsel.

Dated at Milwaukee, Wisconsin this 15th day of June, 2012.

                  BY THE COURT

                  s/ *Nancy Joseph*
                  NANCY JOSEPH
                  United States Magistrate Judge